UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINTHYA STEPHANIE ARIAS SALAZAR,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN OF ADELANTO DETENTION FACILITY, et al.,<br><br>        Respondents. | Case No. 5:25-cv-03236-PA-KES<br><br>ORDER GRANTING PETITION |

## I.   BACKGROUND

On December 2, 2025, Cinthya Stephanie Arias Salazar ("Salazar") filed a counseled petition for writ of habeas corpus ("Petition" at Dkt. 1), which alleges as follows.  Salazar is a 22-year-old citizen of El Salvador who entered the United States in 2019.  (Pet. at 17 (Ex. A, Salazar's declaration).)[1]  According to online immigration records, she was ordered removed on February 7, 2020.  See Executive

---

[1] This order uses the page numbers imposed by the Court's electronic filing system, which appear in blue in the header of filed documents.

1

Office for Immigration Review ("EOIR") Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last accessed Dec. 17, 2025).[2]  She appealed that order to the Board of Immigration Appeals ("BIA") in 2020, and that appeal remains pending.  (Pet. at 2 ¶ 4; id. at 22 (Ex. C, receipt for BIA appeal dated Mar. 13, 2020)); see EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last accessed Dec. 17, 2025).

On October 3, 2025, Salazar went with her mother, sister, and brother to the Immigration and Customs Enforcement ("ICE") building in downtown Los Angeles for a routine check-in, and all of them were detained.  (Id. at 17.)[3]  On November 18, 2025, an immigration judge denied her request for release on bond, explaining, "No jurisdiction, per INA section 235(b)," i.e., the Immigration and Nationality Act, 8 U.S.C. § 1225(b).  (Pet. at 19-20 (Ex. B, immigration judge's order).)

Salazar's Petition asks the Court to "order Respondents to provide [her] with a prompt and constitutionally adequate bond hearing before an Immigration Judge, or, in the alternative, to release her from custody if such a hearing is not provided within a reasonable period."  (Pet. at 2 ¶ 6.)  She argues that her continued detention violates the INA, 8 U.S.C. § 1226(a), and the Fifth Amendment's Due Process Clause.  (Pet. at 7-12.)  She also seeks fees under the Equal Access to Justice Act ("EAJA").  (Id. at 12.)

---

[2] The Court takes judicial notice of the publicly available EOIR records.  See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); Gerritsen v. Warner Bros. Ent. Inc., 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("Under Rule 201, the court can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies.").

[3] The Petition alleges that Salazar's mother and younger siblings were transported to Texas and have now been released.  (Pet. at 5 ¶ 25.)

1   On December 3, 2025, the Court ordered Respondents to respond to the
2   Petition by filing either a motion to dismiss or an answer. (Dkt. 4.) On December
3   15, 2025, Respondents timely responded by filing an "opposition" to the Petition.
4   (Dkt. 6.) The opposition argues that (a) the Court lacks jurisdiction over Salazar's
5   claims under 8 U.S.C. § 1252 (id. at 12-15); (b) Salazar failed to exhaust her
6   administrative remedies by appealing the immigration judge's bond decision to the
7   BIA (id. at 21-22); and (c) Salazar "fails to meet the high bar for injunctive relief"
8   (id. at 15-21).

## II. DISCUSSION

### A. Ripeness.

The Court's order requiring a response to the Petition directed Respondents to file either a motion to dismiss or an answer. (Dkt. 4 at 2 ¶¶ 5.) The order noted, "If the Motion to Dismiss is denied, the Court will afford Respondents adequate time to respond to Salazar's claims on the merits." (Id.) In response, Respondents filed the present brief, which is styled as an "opposition" to the Petition. (Dkt. 6 at 1.) Respondents do not request leave to file a further response to the Petition or indicate that they wish to raise any further arguments against it. Indeed, one section in the opposition raises arguments concerning the merits of the Petition (although they are incorrectly framed as an opposition to a request for preliminary injunctive relief). (Dkt. 6 at 15-21.) Accordingly, the Court interprets this filing as Respondent's answer and considers the Petition ripe for ruling by the Court.[4]

### B. Effect of *Bautista* Class Action.

Respondents admit that in another case in this court, Bautista v. Santacruz, No. 5:25-cv-01873-SSS-BFM (C.D. Cal.), Judge Sykes granted summary judgment for the petitioners on the same issues raised by Salazar and certified a class of

---

[4] Because the Court is granting the Petition, a reply from Petitioner is unnecessary.

3

habeas petitioners. (Dkt. 6 at 8.) See Bautista v. Santacruz, No. 5:25-cv-01873-SSS-BFM, 2025 WL 2670875, 2025 U.S. Dist. LEXIS 171364 (C.D. Cal. July 28, 2025) (granting temporary restraining order); --- F. Supp. 3d ----, 2025 WL 3289861, 2025 U.S. Dist. LEXIS 233085 (C.D. Cal. Nov. 20, 2025) (granting summary judgment); --- F. Supp. 3d ----, 2025 WL 3288403, 2025 U.S. Dist. LEXIS 231977 (C.D. Cal. Nov. 25, 2025) (certifying class). Respondents argue, "While the issue is not yet resolved, it appears that … other habeas actions should now be stayed or dismissed pending resolution of Bautista[,] since the certification of a Rule 23(b)(2) class precludes individual suits (like this) for the same injunctive or declaratory relief…." (Dkt. 6 at 8.)

Notably, however, Respondents' opposition does not admit or stipulate that Salazar is a member of the Bautista class or that she is entitled to relief under the orders entered in that case. On December 4, 2025, the government moved ex parte for reconsideration of the class certification order. Bautista, No. 5:25-cv-01873-SSS-BFM, Dkt. 87. That motion was fully briefed as of December 12, 2025 and has not yet been decided as of the date of this Order. Id., Dkt. 90 (opposition), Dkt. 91 (reply).[5]

In light of the government's continued opposition to the Bautista orders, staying or dismissing this case is not in the interests of justice. This Court need not decide whether Salazar is a member of the Bautista class because—as discussed further below—it independently finds that Salazar is entitled to habeas relief. See, e.g., Arredondo-Silva v. Raycraft, No. 25-cv-13674, 2025 WL 3625781, at *6 n.4, 2025 U.S. Dist. LEXIS 258798, at *17, n.4 (E.D. Mich. Dec. 15, 2025) ("Because Petitioner succeeds on his own statutory claim, the Court need not address whether

---

[5] The Bautista class certification order directed the parties to file a status report and attend a status conference in January 2026 regarding "how the parties will proceed in this matter." 2025 WL 3288403, at *10, 2025 U.S. Dist. LEXIS 231977, at *27.

4

he is presently eligible for relief based on the decision in Maldonado Bautista."); Benitez v. Noem, No. 25-cv-3298, 2025 WL 3560575, at *3, 2025 U.S. Dist. LEXIS 257810, at *8 (S.D. Cal. Dec. 12, 2025) (same); see also Macias v. Raycraft, No. 25-cv-2642, 2025 WL 3525262, at *3, 2025 U.S. Dist. LEXIS 254271, at *6-7 (N.D. Ohio Dec. 9, 2025) ("[T]he Government disputes that Bautista II must be given immediate effect.  The Court finds that there is no harm to the Government if Plaintiff is provided an individualized bond hearing.  ICE is not being ordered to immediately release Plaintiff, nor are they being ordered to halt or otherwise amend their current timeline for Plaintiff's removal proceedings.  Rather, Plaintiff is only seeking that due process right to which he is lawfully entitled.  The Court therefore finds it appropriate to grant Plaintiff's alternative request for relief and be granted an individualized bond hearing before a neutral [immigration judge].").

### C. Jurisdiction over Salazar's Claims.

Respondents argue that 8 U.S.C. §§ 1252(g), (b)(9), and (a)(5) preclude review of Salazar's claims.  (Dkt. 6 at 12-15.)

Section 1252(g) is a "narrow provision" that applies "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders. … [C]laims regarding whether Petitioners are subject to mandatory detention during the pendency of their removal proceedings" do not fall into these categories."  Bautista, 2025 WL 2670875, at *3, 2025 U.S. Dist. LEXIS 171364, at *10-11 (quoting Reno v. Am-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999) (emphasis in original)); see also Mosqueda v. Noem, No. 25-cv-02304-CAS-BFM, 2025 WL 2591530, at *3, 2025 U.S. Dist. LEXIS 174828, at *8 (C.D. Cal. Sept. 8, 2025) ("Since petitioners' bond denial claims do not challenge any decision to commence proceedings, adjudicate cases, or execute removal orders, the Court finds that section 1252(g) does not present a jurisdictional bar to judicial review."); Zavala v.

Noem, No. 25-cv-2686-PA-DFM, 2025 WL 3514086, at *3, 2025 U.S. Dist. LEXIS 250748, at *4-5 (C.D. Cal. Dec. 4, 2025) (collecting cases and granting temporary restraining order based on the reasoning of Mosqueda).

Sections 1252(b)(9) and (a)(5) do not preclude judicial review because Salazar is not challenging a final order of removal. Bautista, 2025 WL 3289861, at *3, 2025 U.S. Dist. LEXIS 233085, at *10 ("[Section] 1252(b)(9) channels review of '*final orders of removal*' to federal courts of appeals."); Zavala, 2025 WL 3514086, at *3, 2025 U.S. Dist. LEXIS 250748, at *5 (finding § 1252(b)(9) does "not present a jurisdictional bar" to claims about entitlement to a bond hearing); Ruiz Yarleque v. Noem, No. 25-cv-02836-MEMF-SP, 2025 WL 3043936, at *6-7, 2025 U.S. Dist. LEXIS 215470, at *15-16 (C.D. Cal. Oct. 31, 2025) ("Sections 1252(a)(5) and (b)(9) were intended to 'channel judicial review over *final orders of removal* to the courts of appeals,' and not to 'foreclose *all* judicial review of agency actions.' … It was designed to 'limit all [noncitizens] to one bite of the apple with regard to challenging an order of removal[,]' … [a]nd does not 'bar claims that are 'independent of or collateral to the removal process.'' … Petitioner is challenging the legality of her mandatory detention during her removal proceedings without a bond hearing, which is 'independent of the removal process' and not a final order or removal.") (citations omitted); see generally Jennings v. Rodriguez, 538 U.S. 281, 292-94 (2018).

**D.     Exhaustion of Administrative Remedies.**

Respondents argue that Salazar "fail[ed] to exhaust appellate review at the BIA" because she did not appeal the immigration judge's bond decision to the BIA. (Dkt. 6 at 21-22.) When a habeas petition is properly brought under § 2241 (as opposed to § 2254), exhaustion is prudential rather than mandatory, and it may be waived in appropriate circumstances. See generally Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Here, requiring Salazar to appeal to the BIA would be an exercise in futility because in September 2025 the BIA issued a decision

agreeing with this position, see Matter of Yajure-Hurtado, 29 I. & N. Dec. 216 (BIA 2025), and in July 2025 the Department of Homeland Security ("DHS") issued a "change in policy [that] requires ICE employees to consider anyone arrested in the United States and charged with being inadmissible as an 'applicant for admission'" under § 1225. Bautista, 2025 WL 2670875, at *1, 2025 U.S. Dist. LEXIS 171364, at *6.

### E.  Entitlement to a Bond Hearing.

Respondents' opposition does not include any recitation of the facts. (Dkt. 6.) They therefore do not challenge any of the material facts alleged in the Petition, which are supported by Salazar's own declaration and other attached exhibits, or are subject to judicial notice.

The immigration judge's decision denying Salazar bond "is consistent with a recent DHS policy that considers *anyone* arrested within the United States and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) to be an 'applicant for admission' under 8 U.S.C. § 1225(b)(2)(A). … Pursuant to section 1225(b)(2)(A) 'applicants for admission' who are 'seeking admission' are subject to mandatory detention." Mosqueda, 2025 WL 2591530, at *1, 2025 U.S. Dist. LEXIS 174828, at *3 (emphasis added). "Prior to the new policy, foreign nationals … who were charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled were considered detained pursuant to 8 U.S.C. § 1226(a), which allows for release on bond or conditional parole." Id.

Salazar argues that, as applied to her, the new DHS policy violates the INA's plain language because she has resided in the United States since 2019 and is not "seeking admission." Therefore, she argues, she is subject to permissive detention under 8 U.S.C. § 1226(a), not mandatory detention under § 1225(b)(2)(a). (See Pet.

at 7-9 ¶¶ 34-44.)[6]

The overwhelming majority of district court judges who have considered this issue, including at least ten in this District, have agreed with Salazar's argument and rejected the government's new interpretation of the INA. See Zavala, 2025 WL 3514086, at *2, 2025 U.S. Dist. LEXIS 250748, at *4 (collecting cases granting temporary restraining orders); see, e.g., Bautista, 2025 WL 3289861, at *8-11, 2025 U.S. Dist. LEXIS 233085, at *21-29 (finding the government's interpretation inconsistent with the statutory definition of "applicants for admission" and that this "expansive interpretation of 'applicants for admission' would effectively nullify a portion of the INA through the DHS's legislative or interpretive exercise of power"); Saldana Guzman v. Noem, No. 2:25-cv-09687-DMG-AGR (C.D. Cal. Oct. 31, 2025) (reasoning that the "plain language of 'seeking admission' [in § 1225] does not logically apply to someone like Saldana Guzman, who has resided in the United States for nearly two decades" because "someone who enters a movie theater without purchasing a ticket and then proceeds to sit through the first few minutes of a film would not ordinarily then be described as 'seeking admission' to the theater"; also reasoning that the government's interpretation "improperly renders significant parts of the INA superfluous").

---

[6] Although public records indicate that an immigration judge ordered Salazar removed in 2020, she is not subject to detention under 8 U.S.C. § 1231 because her BIA appeal is pending and therefore the removal order is not final. See Aguilar v. Durfor, No. 18-cv-03684, 2018 WL 3659271, at *3, 2018 U.S. Dist. LEXIS 130206, at *9 (N.D. Cal. Aug. 2, 2018) ("An order of removal becomes administratively final when the BIA affirms the immigration judge's order on appeal, or the period in which the order may be appealed to the BIA expires. 8 U.S.C. § 1101(a)(47)(B). There is no dispute that Mr. Lopez Aguilar appealed the immigration judge's March 2018 removal order, and that the appeal is currently pending before the BIA. Thus, Mr. Lopez Aguilar's removal order is not administratively final because it has yet to be affirmed by the BIA. As a result, he is not detained pursuant to section 1231, but is instead detained under section 1226(a).").

The Court finds the reasoning of these decisions persuasive and holds that Salazar is entitled to habeas relief.

### III. CONCLUSION

For the foregoing reasons, Salazar's Petition (Dkt. 1) is **granted**. The Court will enter a separate judgment consistent with this decision. The Court further orders that:

1. Respondents are enjoined from continuing to detain Salazar unless she is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) **within 7 days** of this Order.

2. **Within 10 days** of this Order, Respondents shall file a status report with the Court indicating whether the bond hearing has been held and the outcome thereof.

3. **Within 21 days** of this Order, Respondents shall file either (a) an opposition to Salazar's request for attorney's fees under the EAJA, or (b) a joint stipulation agreeing to pay a stipulated amount of attorney's fees. The fee request is hereby referred to the Magistrate Judge.

DATED: December 17, 2025

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE